[No. 8725.]

Borah v. Kempf et al.

Appeal and Error—*Conflicting Evidence.* A decree rendered upon conflicting, contradictory, and unsatisfactory evidence, will not be disturbed.

*Error to Eagle District Court.* Hon. Charles Cavender, Judge.

Mr. Merle D. Vincent, for plaintiff in error.

Mr. John A. Ewing and Mr. Michael F. Ryan, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

This is an action by plaintiff in error to enforce as against the defendants in error a claim to an interest in The Lady Belle Lode Mining claim in Eagle county. The complaint alleged that prior to and during the year 1912, the plaintiff and defendant Kempf were associated together in prospecting and mining, and that in November

of that year they located the Dakota lode claim, in the same vicinity as that of The Lady Belle, which was by them located at a later date; that, together with a third person, they developed the Dakota claim by performing the usual and necessary assessment work, and together with the defendants Glenn and Wolverton, they so developed The Lady Belle claim and discovered mineral thereon. But that defendants without the knowledge of plaintiff, surveyed The Lady Belle claim, and made and caused to be recorded a location certificate therefor in their own names, omitting the name of plaintiff, and have thus fraudulently attempted to deprive the plaintiff of his interest in said mining claim.

The answer specifically denied the allegations of the complaint. The case was tried to the court without a jury, and a general finding and judgment rendered in favor of defendants. The error assigned is that the court erred in his findings of fact and conclusions of law.

The testimony is voluminous and very conflicting, and after a careful study of the record we are of the opinion that the finding of the court cannot be disturbed.

The plaintiff invokes the rule of this court that a mining partnership is a question of law; that its existence in a given case however is a question of fact, depending for its solution upon inferences to be drawn from the evidence. Further, that an express agreement is not essential, in that a mining partnership may be implied from acts as well as by express agreement.

If we admit that under the testimony of plaintiff and his witnesses, the court would be justified in finding an implied partnership, yet it is clear that from the testimony of the defendants and their witnesses, there can be no such implication. The whole question is resolved into one of determining the conflict in the evidence, which was the province of the trial court. The evidence is not only conflicting and contradictory, but so unsatisfactory

as to require this court under the well established rule to rely upon the finding of the trial court who was in the better position, to correctly estimate its weight and credibility.

The finding of the court cannot, in our opinion, be said to be manifestly against the evidence, nor that the evidence does not tend to support such finding.

The judgment is affirmed.

Mr. JUSTICE WHITE and Mr. JUSTICE GARRIGUES concur.